UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOM SALYER,

        Plaintiff,

v.

HOTELS.COM GP, LLC,

        Defendant.

Case No. C13-1966RSL

ORDER GRANTING DEFAULT JUDGMENT

This matter comes before the Court on "Plaintiff's Motion For Default Judgment." Dkt. # 16. Having reviewed the motion, the attached exhibits and the balance of the record, the Court finds as follows.

## I. BACKGROUND

Plaintiff alleges that he is the owner of a photograph that defendant copied and displayed on its website without license or permission, willfully infringing on plaintiff's rights in violation of the Copyright Act. Dkt. # 1 (Compl.). Plaintiff is suing for copyright infringement, id., and in this motion seeks statutory damages and attorney's fees and costs, Dkt. # 16. Default was entered against defendant on April 2, 2015. Dkt. # 15.

## II. DISCUSSION

**A. Entry of Default Judgment**

Granting or denying default judgment is within the Court's sound discretion. Draper v.

ORDER GRANTING DEFAULT JUDGMENT - 1

Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).[1] Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all such allegations. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978). The Court need not make detailed findings of fact as long as the allegations contained in the pleadings are sufficient to establish liability. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1997). In order to satisfy itself that the relief requested is warranted, the Court has the power to require additional proof of facts, damages, or "any other matter." Fed. R. Civ. P. 55(b)(2).

To establish direct copyright infringement, a plaintiff must demonstrate that (1) he owns a valid copyright, and (2) defendant violated one or more of the exclusive rights granted to plaintiff under the Copyright Act, 17 U.S.C. § 106. Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1159 (9th Cir. 2007). These elements appear to have been satisfied. Plaintiff has sufficiently alleged and shown that he owns a valid copyright in the photograph at issue, and that defendant copied this photograph. Dkt. # 1 (Compl.); Dkt. # 1-2. By posting plaintiff's copyrighted photographs on its website, defendant directly infringed on plaintiff's copyright. See Perfect 10, Inc., 508 F.3d at 1160. Plaintiff's allegation that defendant's infringement was willful, Dkt. # 1 (Compl.) ¶ 16, is also taken as true. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (allegation of willfulness deemed admitted on default); Considering the Eitel factors, the Court finds entry of default judgment warranted by the

---

[1] The Court should consider a variety of factors in exercising its discretion, including (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

ORDER GRANTING DEFAULT JUDGMENT - 2

sufficiency of the Complaint, the merits of plaintiff's claim and defendant's failure to appear after being served.

### B. Statutory Damages

Plaintiff seeks $3,000 in statutory damages for defendant's infringement. Provided that a work was registered prior to the alleged infringement or within the first three months after publication, a copyright owner may seek to recover statutory damages and attorney's fees. 17 U.S.C. § 412; 17 U.S.C. § 504(c)(1); 17 U.S.C. § 505. An attachment to the Complaint indicates that the photograph was registered in 2005, long before it was infringed in 2013. Dkt. # 1-2.

A statutory damages award may range from $750 to $30,000 for each non-willful infringement, based on what the Court considers to be just; the award may be as high as $150,000 for a willful infringement. 17 U.S.C. § 504(c)(1-2). A plaintiff may seek statutory damages even without evidence of his actual damages or of a defendant's profits from the infringement, Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001); such damages serve the purposes of compensating losses and deterring infringement, see Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1554 (9th Cir. 1989). The Court finds $3,000 a reasonable amount that also serves to deter future infringement by defendant. The Court awards these statutory damages.

### C. Attorney's Fees and Costs

The Copyright Act authorizes district courts to award reasonable attorney's fees and costs to the prevailing party in a copyright action. 17 U.S.C. § 505. The decision of whether to award attorney's fees is in the Court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). In exercising its discretion, the Court may consider factors including: (1) the degree of success obtained; (2) whether the lawsuit was frivolous; (3) the suit's motivation; (4) objective unreasonableness (in factual and legal components of the case); and (5) the need to advance the considerations of compensation and deterrence. Smith v. Jackson, 84 F.3d 1213, 1221 (9th Cir. 1996).

ORDER GRANTING DEFAULT JUDGMENT - 3

It is not unusual to award attorney's fees in a case where defendant defaults. In <u>Jackson v. Sturkie</u>, 255 F. Supp. 2d 1096, 1103-05 (N.D. Cal. 2003), the Court awarded attorney's fees in such a case on the grounds that this would deter future infringement and advance the promotion of original works. For these same reasons, the Court finds awarding fees warranted, here, given that plaintiff's claims were not meritless and plaintiff prevailed on them.

The question thus becomes the amount owed in fees and costs. The reasonableness of a party's fee calculation is typically determined by the "lodestar method," which multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. <u>Ballen v. City of Redmond</u>, 466 F.3d 736, 746 (9th Cir. 2006).[2] A fee applicant has the burden of proving the reasonableness of the attorney's fees requested, producing satisfactory evidence (beyond the affidavits of interested counsel) that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 (9th Cir. 2001) (citation and quotation marks omitted). The relevant community is generally the forum in which the district court sits. <u>Barjon v. Dalton</u>, 132 F.3d 496, 500 (9th Cir. 1997). Attorneys practicing from outside the forum district may be awarded outside-forum hourly rates if adequate local counsel was unavailable. See <u>id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1393, 1405-06 (9th Cir. 1992). The Court may rely on its own knowledge and experience regarding fees charged in this District. <u>Ingram v. Oroudjian</u>, 647 F.3d 925, 928 (9th Cir. 2011).[3]

Plaintiff does not argue that his counsel's billing rates are consistent with those of comparable lawyers in this District, and the Court finds that they are not. At the higher end, a

---

[2] This presumptively-reasonable figure may be increased or decreased based on a number of factors, such as the skill and time required, the novelty of the questions involved and the extent of the prevailing party's success. <u>Id.</u> (citing <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975)).

[3] While the Ninth Circuit "has not mandated" the lodestar method or comparison to market rates in calculating attorney's fees under the Copyright Act, <u>Kourtis v. Cameron</u>, 358 Fed. App'x. 863, 868 (9th Cir. 2009), the Court finds it useful and applicable here in determining a reasonable fee award. See <u>Perfect 10, Inc. v. Giganews, Inc.</u>, 2015 WL 1746484, at *4 n. 1 (C.D. Cal. Mar. 24, 2015).

ORDER GRANTING DEFAULT JUDGMENT - 4

reasonable local billing rate would be closer to that of plaintiff's counsel in <u>Getty Images (U.S.), Inc. v. Virtual Clinics</u>, 2014 WL 1744522, at *3 (W.D. Wash. Apr. 29, 2014) (finding $465/hour for a veteran IP litigator and name partner at a boutique firm commensurate with the market rate in copyright infringement case).  Plaintiff has submitted a chart itemizing the hours billed and tasks performed by plaintiff's counsel in this case, and the Court finds their number of hours billed to be reasonable.  Considering the background of the attorneys representing plaintiff in this matter, Dkt. # 17 (Sanders Decl.) ¶¶ 26-31,[4] the Court finds the following fees reasonable and consistent with market rates:

| Attorney | Hours | Rate/hr | Fee |
|---|---|---|---|
| Sanders (partner) | 13 | $400 | $5,200 |
| Patel (associate) | .8 | $300 | $240 |
| Cader (associate) | 5.9 | $200 | $1,180 |
| **Total Sanders Law, PLLC Fees**: | | | $6,620 |

Plaintiff also seeks costs of $655, representing $400 in filing costs and $255 for the cost of service of process.  Dkt. # 17 (Sanders Aff.) ¶ 38.  Plaintiff has provided no receipts or other documentation of these costs (the Proof of Service form did not state the server's fee), and so the Court finds the service costs unsupported and declines to award them.  The Court will award plaintiff's filing costs.  Thus, plaintiff is entitled to $7,020 in attorney's fees and costs.

---

[4] Attorney Craig B. Sanders has been practicing law since 1993 and is a founding partner of his firm, Sanders Law, PLLC; attorney Jonathan M. Cader, an associate at Sanders Law, began practicing law in 2001 and practices primarily in the Firm's copyright division; attorney Karishma Patel, a former associate at Sanders Law, began practicing law in 2011 and also worked primarily in the Firm's copyright division.  Dkt. # 17 (Sanders Decl.) ¶¶ 26-31.

ORDER GRANTING DEFAULT JUDGMENT - 5

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's motion for default judgment.  Dkt. # 16.  Plaintiff is entitled to $7,020 in attorney's fees and costs and $3,000 in statutory damages.


DATED this 23rd day of June, 2015.


*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT - 6